IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:06CR3.2 |
| v. | § | |
| | § | |
| SCOTT ALLEN NEWTON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 25, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Mandy Griffith.

On September 11, 2006, the Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 9 months imprisonment followed by a 3-year term of supervised release for the offense of false claims. Defendant began his term of supervision on August 21, 2007.

On October 28, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 53). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation officer as directed by the Court

1

or probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer; (3) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (4) Defendant shall pay restitution in the amount of $6,539.60.

The petition alleges that Defendant committed the following violations. First, it is alleged that Defendant failed to submit written monthly report forms for the months of January, February, March, April, May, June, July, August and September 2009. Next, the petition claims that, on March 19, 2009, Defendant was granted verbal permission to travel to the District of Arizona to assist his brother with relocating his parent to Arizona. Defendant advised that while there he would seek employment and a place to reside. Defendant was instructed to contact his probation officer by phone on April 21, 2009 with an update on his employment and residence status, and Defendant was also informed that he would be required to return to the Eastern District of Texas if he had not obtained employment or residence by April 21, 2009. According to the petition, Defendant failed to contact his supervising U.S. Probation Officer on April 21, 2009, as instructed. Additionally, the petition alleges that a voicemail message was left on Defendant's last known cell phone number instructing him to contact his supervising probation officer, and Defendant failed to contact his supervising officer as instructed.

The petition further alleges that, on October 10, 2009, Defendant's employer contact the U.S. Probation Office in Plano, Texas, and it was confirmed that Defendant is employed by Southwest

Steak and Seafood in Phoenix, Arizona as a driver. Defendant failed to notify the probation officer of a change in employment.

The petition also asserts that Defendant has failed to comply with his court-ordered financial obligation as he failed to make restitution payments for the months of October 15, and November 15, December 15, 2007, January 15, April 15, May 15, June 15, July 15, August 15, October 15, November 15 and December 15, 2008, January 15, March 15, April 15, May 15, June 15, July 15, August 15, September 15 and October 15, 2009. According to the petition, Defendant's restitution balance is $6,269.60.

At the hearing, Defendant entered a plea of true to the alleged violations of conditions of his supervised release. The Court finds that Defendant has violated the terms of his supervised release. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and based on the agreement of the parties, the Court recommends that the Defendant be sentenced to time already served in custody (1.5 days), with 35 months of supervised release to follow.

It is further ordered that Defendant pay restitution in the amount of $6,539.60 to FEMA, Disaster Assistance. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

While on supervised release, Defendant shall be required to comply with the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

It is further ordered that Defendant is to pay restitution totaling $6,539.60 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

**SIGNED this 1st day of March, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE